## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**INNER CITY CONTRACTING, LLC,**

|  |  |
|---|---|
| **Plaintiff** | **Case No. 22-cv-11349** |
| **v.** | **HONORABLE SEAN F. COX** |
| **THE CHARTER TOWNSHIP OF NORTHVILLE, MICHIGAN,** a Michigan municipal corporation, and **FLEIS & VANDENBRINK ENGINEERING, INC.**, a Michigan corporation doing business as **FLEIS & VANDENBRINK**, jointly and severally, | **HONORABLE DAVID R. GRAND** |
| **Defendants.** | |

_____

## RESPONSE OF PLAINTIFF INNER CITY CONTRACTING, LLC TO MOTION OF DEFENDANT FLEIS AND VANDENBRINK ENGINEERING, INC. TO DISMISS PLAINTIFF'S AMENDED <u>COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)</u>

# **TABLE OF CONTENTS**

**Page**

INDEX OF AUTHORITIES                                                      ii

COUNTER-STATEMENT OF ISSUES PRESENTED                      vi

CONTROLLING OR MOST APPROPRIATE AUTHORITY            vii

COUNTER-STATEMENT OF FACTS                                          1

DISCUSSION                                                                        2

I.      STANDARD OF REVIEW                                              2

II.     DEFENDANT F&V WAS A STATE ACTOR IN THIS MATTER    3

III.    ICC HAS STATED DUE PROCESS CLAIMS AGAINST F&V    9

IV.    ICC HAS STATED A CLAIM AGAINST F&V FOR VIOLATION
        OF ITS RIGHTS TO EQUAL PROTECTION                        12

V.     ICC HAS STATED A CLAIM AGAINST F&V FOR VIOLATION
        OF ITS RIGHTS UNDER 42 U.S.C. §1981                         13

VI.    ICC HAS STATED A TORTIOUS INTERFERENCE WITH
        BUSINESS EXPECTANCY CLAIM AGAINST F&V              16

VII.   ICC HAS STATED DEFAMATION CLAIMS AGAINST F&V    20

CONCLUSION                                                                      23

CERTIFICATE OF SERVICE

# INDEX OF AUTHORITIES

**_Cases_**                                                                    **Page(s)**

*Albright v. Oliver,* 510 U.S. 266 (1994)                                        2

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)                                         3

*Ayers v. Hudson*, 623 F.3d 301 (6th Cir. 2010)                                  18

*Bacon v. Michigan R.R. Co.*, 66 Mich. 166, 33 N.W. 181 (1887)                   21

*Badiee v. Brighton Area Sch.*, 265 Mich. App. 343, 695 N.W.2d 521 (2005)        18

*Baker v. Couchman*, 477 Mich. 40, 821 N.W.2d 1 (2012)                           18

*Baker v. Waste Mgmt.*, 208 Mich. App. 602, 528 N.W.2d 835 (1995)                5

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)                            2-3

*Bower v. Fed. Express Corp.,* 96 F.3d 200 (6th Cir. 1996)                       2

*Brentwood Acad. v. Tenn. Secondary Athletic Ass'n*, 531 U.S. 288 (2001)         4

*Brown v. Amer. Honda Motor Co.*, 939 F.2d 946 (11th Cir. 1991)                  15

*Bufalino v. Maxon Bros., Inc*, 368 Mich. 140, 117 N.W.2d 150 (1962)             20

*Burkhardt v. City Nat'l Bank of Detroit*, 57 Mich. App. 649,
    226 N.W.2d 678 (Mich. Ct. App. 1975)                                         22

*Cedroni Assocs. v. Tomblinson, Harburn Assocs., Architects &*
    *Planners, Inc.*, 492 Mich. 40, 821 N.W.2d 1 (2012)                          17

*Charles v. Baesler*, 910 F.2d 1349 (6th Cir. 1990)                              9

*Cleveland Board of Education v. Loudermill*, 470 U.S. 532 (1985)                9

*Conley v. Gibson*, 355 U.S. 41 (1957)                                              3

*Courie v. Alcoa Wheel & Forged Products*, 577 F.3d 625 (6th Cir. 2009)            3

*Dalley v. Dykema Gossett PLLC*, 287 Mich. App. 296,
    788 N.W.2d 679 (2010)                                                      17

*Ellison v. Garbarino*, 48 F.3d 192 (6th Cir. 1995)                                 7

*Guardian Alarm Co. v. May*, 24 F. App'x 464 (6th Cir. 2001)                       22-23

*Graham v Kochville Twp*, 236 Mich. App. 141, 599 N.W.2d 793 (1999)                4

*Harris v. City of Circleville*, 583 F.3d 356 (6th Cir. 2009)                      12

*HDC, LLC v. City of Ann Arbor*, 675 F.3d 608 (6th Cir. 2012)                      13, 14

*Karibian v. Paletta,* 122 Mich. App. 353, 332 N.W.2d 484
    (Mich. Ct. App. 1982)                                                      23

*Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990)                                3

*Lawrence v. Fox*, 357 Mich. 134, 97 N.W.2d 719 (1959)                             20-21

*Leavy v. City of Jackson*, 247 Mich. 447, 226 N.W. 214 (1929)                     17

*Loesel v. City of Frankenmuth*, 692 F.3d 452 (6th Cir. 2012)                      12

*Ludwig v. Board of Trustees of Ferris State Univ.*, 123 F.3d 404
    (6th Cir. 1997)                                                            9

*Lugar v. Edmondson Oil Co.*, 457 U.S. 922 (1982)                                  4

*Marble v Synder*, 453 F. Supp. 3d 970 (E.D. Mich. 2020)                           8

*Maryland v. Wilson*, 519 U.S. 408 (1997)                                          18

*Mathews v. Eldridge*, 424 U.S. 319 (1976)     9

*McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)     14

*MCM Marine v. Ottawa Cty. Rd. Comm'n*, 2010 Mich. App. LEXIS 614
      (Ct. App. Apr. 13, 2010)     19

*Miller v. Currie*, 50 F.3d 373 (6th Cir. 1995)     3

*Mino v. Clio Sch. Dist.*, 255 Mich. App. 60, 661 N.W.2d 586 (2003)     18

*Nationwide Mut. Ins. Co. v. Cisneros*, 52 F.3d 1351 (6th Cir. 1995)     14

*Parate v. Isibor*, 868 F.2d 821 (6th Cir. 1989)     9

*Perry v. Sindermann*, 408 U.S. 593 (1972)     9

*Prysak v. R L Polk Co.*, 193 Mich. App. 1, 483 N.W.2d 629 (1992)     20, 21

*Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133 (2000)     16

*Sharp v. Lindsey,* 285 F.3d 479 (6th Cir. 2002)     9

*Smith v. Fergan*, 181 Mich. App. 594, 450 N.W.2d 3 (1989)     20

*Stablein v. Schuster*, 183 Mich. App. 477, 455 N.W.2d 315 (1990)     20

*Stewart v. Henderson*, 207 F.3d 374 (7th Cir. 2000)     16

*T&S Serv. Assoc., Inc. v. Crenson*, 666 F.2d 722 (1st Cir. 1981)     15

*West v. Atkins*, 487 U.S. 42 (1988)     4, 6, 12

*Wolotsky v. Huhn*, 960 F.2d 1331 (6th Cir. 1992)     7-8

### _Statutory Authority_

42 U.S.C. §1981                                              vi, 13, 15

42 U.S.C. §1983                                              3-8, 12

M.C.L. 41.1, _et seq._                                       5

M.C.L. 691.1401(b)                                           5

### _Constitution_

U.S. Const. Am. XIV                                          9, 12

### _Court Rules_

Fed. R. Civ. P. 8(a)(2)                                      2

Fed. R. Civ. P. 12(b)(6)                                     2, 13,
                                                             18, 23

## <u>COUNTER-STATEMENT OF ISSUES PRESENTED</u>

1.  Was defendant Fleis & Vandenbrink a state actor when it acted as the Township's Department Director?

2.  Has plaintiff stated a plausible due process claim?

3.  Has plaintiff stated a plausible claim for violation of its rights to equal protection?

4.  Has plaintiff stated a plausible claim of discrimination in violation of 42 U.S.C. §1981?

5.  Has plaintiff plausibly stated a claim of tortious interference with business expectancy under Michigan law?

6.  Has plaintiff plausibly stated a defamation claim under Michigan law?

## <u>CONTROLLING OR MOST APPROPRIATE AUTHORITY</u>

Fed. R. Civ. P. 12(b)(6)

*Lugar v. Edmondson Oil Co.*, 457 U.S. 922 (1982)

*West* v. *Atkins*, 487 U. S. 42 (1988)

*Charles v. Baesler*, 910 F.2d 1349 (6th Cir. 1990)

*Loesel v. City of Frankenmuth*, 692 F.3d 452 (6th Cir. 2012)

*HDC, LLC v. City of Ann Arbor*, 675 F.3d 608 (6th Cir. 2012)

*Cedroni Assocs. v. Tomblinson, Harburn Assocs., Architects & Planners, Inc.*,
     492 Mich. 40, 821 N.W.2d 1 (2012)

*Prysak v. R.L. Polk Co.*, 193 Mich. App. 1, 483 N.W.2d 629 (1992)

Plaintiff Inner City Contracting, LLC ("ICC"), by and through its counsel, hereby submits this response in opposition to the motion of defendant Fleis & Vandenbrink Engineering, Inc. ("F&V") to dismiss the Amended Complaint, which is brought pursuant to Fed. R. Civ. P. 12(b)(6).

## COUNTER-STATEMENT OF FACTS

ICC is a Detroit-based company that specializes in demolition of buildings. As stated in the Amended Complaint, defendant Charter of Township of Northville ("the Township") sought the demolition of several buildings that once made up the Northville Psychiatric Hospital, which the Township then intended to make into a public park.  The Township sent out a request for bids, and contrary to its own procurement policy, which requires the Department Director to receive and review the bids (ECF No. 22-5, Pg ID 1342), contracted these duties to F&V.  As F&V admits, it acted as the Township's agent, i.e., Department Director, during the bidding process.

ICC was the lowest qualified bidder, but F&V passed over ICC to recommend awarding the contract to a company with which F&V had connections, Asbestos Abatement, Inc. ("AAI").  While F&V asserts that its evaluation was subjective and was based on identical and racially-neutral factors, the Amended Complaint contains numerous references of false factual statements made by F&V in its recommendation to the Township in order to disparage ICC and inflate the

qualifications of AAI so that the Township would award the contract to AAI. While the factors facially may have been identical and racially-neutral, the boxes marked by F&V and the notes below them infer that F&V's assessment of ICC's responses was anything but racially-neutral.

Further, F&V's comments were not published to one Township official but were made part of the Board of Trustees' packet and were posted on the Township's website (Exhibits 1 and 2). Thus, anyone with a computer and internet service anywhere in the world, even now, can access and view F&V's false, fraudulent and untrue statements.

## DISCUSSION

## I. STANDARD OF REVIEW

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint.  In a light most favorable to the plaintiff, the court must assume that the plaintiff's factual allegations are true and determine whether the complaint states a valid claim for relief.  *See Albright v. Oliver,* 510 U.S. 266 (1994); *Bower v. Fed. Express Corp.,* 96 F.3d 200, 203 (6th Cir. 1996). To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must comply with Rule 8(a)(2), which requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

The Supreme Court explained in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), that a civil complaint survives a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 677. The Sixth Circuit observed that this standard is designed to screen out cases that, while not utterly impossible, are "implausible." *Courie v. Alcoa Wheel & Forged Products*, 577 F.3d 625 (6th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The Court may not grant a motion to dismiss based upon a disbelief of a complaint's factual allegations. *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990). The Court must liberally construe the complaint in favor of the party opposing the motion. *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995).

## II. DEFENDANT F&V WAS A STATE ACTOR IN THIS MATTER

Defendant F&V argues that it cannot be sued pursuant to 42 U.S.C. §1983 because it is a private entity, and §1983 claims can only be asserted against governmental entities. However, as F&V points out in its brief, while *typically* a private entity cannot be sued under §1983, the United States Supreme Court has

found that, while every case must be examined on a case by case basis, where a close relationship exists between the state and the private agency to the point where the private agency enforces the power of the state, the private entity becomes a state actor. *See Brentwood Acad. v. Tenn. Secondary Athletic Ass'n*, 531 U.S. 288 (2001). Such a relationship exists when: (1) a private actor assumes a traditional public function; (2) private discrimination has been commanded or compelled by the state; (3) a state has jointly participated in a private actor's conduct; or (4) a private actor and the state have shared a symbiotic relationship. *Id.*

Section 1983 provides a cause of action when federal rights are violated by someone acting "under color of any statute, ordinance, regulation, custom, or usage, of any State." 42 U.S.C. § 1983. Courts have interpreted this language to mean that a defendant must be acting in a state capacity to be liable under the statute. *West v. Atkins*, 487 U.S. 42, 48 (1988). This is known as the "state action" requirement, and it turns on whether a defendant's actions are "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982).

Townships have no inherent powers, but have only those limited powers conferred on them by the Legislature or by the Michigan Constitution. *Graham v Kochville Twp*, 236 Mich. App. 141, 146, 599 N.W.2d 793 (1999). The Township's powers have been conferred by the Michigan Legislature, and are

- 4 -

codified at M.C.L. 41.1, *et seq.* The Township is a political subdivision of the

State of Michigan, as defined by M.C.L. 691.1401(b) (a political subdivision is

"any municipal corporation, . . . township, charter township, . . . or any

combination thereof, when acting jointly, and any district or authority authorized

by law or formed by 1 or more political subdivisions."). *Baker v. Waste Mgmt.*,

208 Mich. App. 602, 605, 528 N.W.2d 835, 837 (1995). Thus, the Township's

actions are state actions for purposes of §1983.

In this case, the Township has a procurement policy, which the Township

attached to its renewed motion to dismiss (ECF No. 22-5, Pg ID 1340-1347). The

procurement policy establishes the procedures that the Township follows when it

seeks to award contracts for good and services to private vendors. The procedure

for the bidding process is detailed under Chapter V – Procedures. Under Section I,

the Township Board awards all contracts $25,000 and above. Under

Section I(C)(b), the Department Director *shall* obtain formal sealed bids for goods

and services in excess of $25,000, except for some specific ones mentioned

elsewhere in the policy, which has no impact on this case. Section I(C)(g)

provides that the Department Director shall review all Requests for bids before

release, and under (C)(h), shall coordinate the receipt of all sealed bids with the

Township Clerk's office. Nowhere in this Policy does it state that the Department

Director can delegate this task to a third party. The policy grants sole authority to

solicit bids, receive bids, and review bids to the appropriate Township Department Director.

Despite the clear and unambiguous language in the Township's procurement policy, the Township retained F&V to act as its Department Director in this case. F&V asserts numerous times in its brief in support of its motion to dismiss that it was the Township's agent. F&V carried out a function that the Township's policy stated was to be performed only by a Township official, the Department Director.

These facts are analogous to *West* v. *Atkins*, 487 U. S. 42 (1988). The Supreme Court in *West* unanimously held that a doctor hired to provide medical care to state prisoners was a state actor for purposes of §1983. *Id.*, at 54; *see also id.,* at 58 (Scalia, J., concurring in part and concurring in judgment). Each State must provide medical care to prisoners, the Supreme Court explained, *id.,* at 54, and when a State hires a private doctor to do that job, the doctor becomes a state actor, "'clothed with the authority of state law,'" *id.*, at 55. If a doctor hired by the State abuses his role, the harm is "caused, in the sense relevant for state-action inquiry," by the State's having incarcerated the prisoner and put his medical care in that doctor's hands. *Ibid.*

In this case, the Township required the services of private contractors in order to demolish the former Northville Psychiatric Hospital, and sent out requests for proposals pursuant to its procurement policy. The procurement policy requires

- 6 -

the Department Director to accept the bids, open the bids, and recommend to the

Township Board which contractor should be awarded the bid, based on the

contractor being the lowest qualified bidder based on the criteria established in the

request for proposals.  When the Township hired F&V to do that job, F&V became

a state actor "clothed with the authority" granted to it by the procurement policy.

F&V argues that ICC cannot meet one of the four exceptions/tests to show

that F&V engaged in state action.  However, review of the factual allegations and

the facts as set forth in F&V brief show this to be incorrect.

The public function test applies when a private business performs state

operations, such as running an election.  *Ellison v. Garbarino*, 48 F.3d 192,

195 (6th Cir. 1995).  In the instant case, as set forth in the preceding paragraphs,

F&V performed state operations.  The Township's policy makes clear that the

actions in which F&V engaged were to be performed by the Department Director.

By giving these responsibilities to F&V, and having F&V act as the Department

Director, the Township had F&V performing a state operation.

Likewise, under the nexus test, "the action of a private party constitutes state

action where there is a sufficiently close nexus between the state and the

challenged action of the regulated entity so that the action of the latter may be

fairly treated as that of the state itself."  *Wolotsky v. Huhn*, 960 F.2d 1331, 1335

(6th Cir. 1992).  To meet this test, a plaintiff must show that the state is intimately involved in the challenged private conduct.

As set forth in the preceding paragraphs and in the factual allegations in the Amended Complaint and F&V's own statement of facts, the Township was intimately involved in the challenged private conduct.  Contrary to its own policy, it delegated responsibility for determining the qualifications of the bidders and other responsibilities which were to be discharged by the Department Director to F&V.  F&V acted as the Township Department Director, working intimately with the Township.

This is not a case like that presented in *Marble v Synder*, 453 F. Supp. 3d 970 (E.D. Mich. 2020), in which the moving defendants merely provided engineering services to the City of Flint.  While F&V contends that all it did was provide professional engineering services to the Township, nothing in the process of determining the qualification of the bidders related to any engineering service. The checklists created by F&V were not related in any way to engineering services.  The false, fraudulent and unjust statements made by F&V were not related to engineering services.  Instead, in the case at bar, F&V acted as the Township Department Director under the Township's policy.

ICC respectfully submits that, based on the facts of this case and the case law, F&V should be determined to be a state actor for purposes of §1983.

### III.   ICC HAS STATED DUE PROCESS CLAIMS AGAINST F&V

The Due Process Clause of the Fourteenth Amendment guarantees that liberty and property interests may not be taken away by a governmental entity without due process.  *Ludwig v. Board of Trustees of Ferris State Univ.*, 123 F.3d 404, 409 (6th Cir. 1997); *Parate v. Isibor*, 868 F.2d 821 (6th Cir. 1989); *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 538 n. 3 (1985).

Due process is "a flexible concept that varies according to the situation." *Sharp v. Lindsey,* 285 F.3d 479, 487 (6th Cir. 2002).  "The fundamental requirement of due process is an opportunity to be heard at a meaningful time and in a meaningful manner."  *Mathews v. Eldridge*, 424 U.S. 319, 334 (1976). Contractual rights are a species of property and liberty interests within the meaning of the Due Process Clause.  *Charles v. Baesler*, 910 F.2d 1349, 1352 (6th Cir. 1990) (citing *Perry v. Sindermann*, 408 U.S. 593, 601-02 (1972)).

In this case, ICC alleges that the procedure employed by the Township was unfair.  The Township's did not comply with its own procurement policy in several respects.  Chapter V of the procurement policy, at Section I(C), mandates that the Township's Department Directors have the sole authority to procure and supervise the procurement of all goods and services required to maintain Township operations (ECF No. 22-5, Pg ID 1432).  Department Directors "shall obtain formal sealed bids for goods and services in excess of $25,000," and "[s]hall

coordinate the receipt of all formal sealed bids with the Township Clerk's office"
(*Id.*). Nowhere in the procurement policy does it allow the Department Director to
delegate these duties to a private third-party.

Chapter V, Section II(A) of the procurement policy provides that the
Township may further qualify vendors and bidders, and when that option is
exercised, the Township will request additional information (*Id.* at 1432-33).
Section II(B)(a) states that each Department Director will deal with all vendors in a
fair and like manner (*Id.* at 1433). In this case, the Township clearly exercised its
option to further qualify the two lowest bidders, ICC and AAI. As the Amended
Complaint details at length, F&V, acting as the Department Director, did not deal
with ICC in a fair manner, nor did F&V treat ICC like it treated AAI.

Further, the procurement policy defines "Lowest qualified bidder" as "[a]
person or firm who has the capability in all respects to perform the contract in full
and the integrity and reliability to assure good faith performance at the lowest cost.
Further, a person or firm must have submitted a bid which conforms in all aspects
to the specifications, terms and conditions required in the sealed bid" (*Id.* at 1340-
41). F&V does not state that ICC's bid did not conform with the specifications,
nor does F&V allege that ICC could not perform the contract in full. Instead, F&V
alleges that ICC cannot state a Due Process claim because the Township reserved
the right to reject any and all bids. However, there are no allegations that the

Township rejected any of the bids it received.  Instead, F&V made patently false representations about ICC in order to deceive the Township into awarding the contract to AAI.

Under Section IV(D) and (E), corrections to bids may only be made prior to the bids being opened.  Once the bids are opened, the procurement policy unambiguously states that "no changes in bid prices or other provisions shall be permitted" (ECF No. 22-5, Pg ID 1344).  Yet F&V, acting as the Department Director, allowed AAI to amend its bid to include security services.

All of these failures to follow and adhere to the procurement policy deprived ICC of being awarded the contract.  As such, ICC has plausibly stated a procedural due process claim.

F&V further argues that ICC cannot make out a Due Process claim based on a liberty interest.  Yet, contrary to F&V's assertion, ICC did plead that the statements which F&V made were false, they caused the loss of the award of the contract, the statements were so negative that they foreclosed future business opportunities and that they were voluntarily and publicly disseminated to unrelated third parties.  While F&V contends that it was Northville that published the statements to third parties, F&V knew, acting under the Township's policy, that these statements would become part of the public record and did nothing to block them from publication.

Thus, under the analytic framework F&V itself sets forth, ICC has pled a viable claim of deprivation of its due process rights.  Accordingly, ICC respectfully requests that this Court deny the Township's motion to dismiss the Amended Complaint.

## IV.   ICC HAS STATED A CLAIM AGAINST F&V FOR VIOLATION OF ITS RIGHTS TO EQUAL PROTECTION

To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate that a person acting under the color of state law deprived the plaintiff of a constitutional right.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Harris v. City of Circleville*, 583 F.3d 356, 364 (6th Cir. 2009) (same).  The Equal Protection Clause of the Fourteenth Amendment prohibits discrimination by the government that "'burdens a fundamental right, targets a suspect class, or intentionally treats one differently than others similarly situated without any rational basis for the difference.'" *Loesel v. City of Frankenmuth*, 692 F.3d 452, 461 (6th Cir. 2012).

It cannot be disputed that ICC, as a certified minority-owned business, is a member of a suspect class.  The allegations contained in the Amended Complaint demonstrate that F&V, acting under the color of state law and as the Township's Department Director, as noted above, intentionally discriminated against ICC by making numerous negative false statements about ICC, while also making positive false statements about AAI, in order to award the contract to AAI; that F&V made these false statements due to ICC being a minority-owned business, a suspect class;

- 12 -

and that the Township adopted and made these actions its own.  ICC submits that the allegations in the Amended Complaint meet that burden to overcome a Rule 12(b)(6) motion.  While F&V argues that, because ICC is a "disappointed bidder" it must also establish a property or liberty interest, the cases cited by F&V do not support this contention or set forth this as a holding.  This is not a disappointed bidder case because ICC has pled that the bidding process was tainted by fraud, injustice and a violation of trust, as set forth in more detail in its opposition to the Township's motion to dismiss the amended complaint.

Because F&V's argument is not supported by the allegations in the Amended Complaint or case authority imposing an additional requirement, ICC respectfully requests that this Court deny F&V motion to dismiss the Amended Complaint.

## V.    ICC HAS STATED A CLAIM AGAINST F&V FOR VIOLATION OF ITS RIGHTS UNDER 42 U.S.C. §1981

F&V asserts that "plaintiff may not rely on conclusory allegations that racial animus cause disparate treatment; there must be averments of actual discriminatory intent."  However, F&V overstates the holdings from the authorities it cites for this legal conclusion.   "A complaint that includes only conclusory allegations of discriminatory intent without supporting factual allegations does not sufficiently show entitlement to relief."  *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 613 (6th Cir. 2012).  "To prevail on a disparate treatment claim, a plaintiff must show

proof of intentional discrimination.  *See Nationwide Mut. Ins. Co. v. Cisneros*, 52

F.3d 1351, 1362 (6th Cir. 1995).  This can be established either through direct

evidence of intentional discrimination or though circumstantial evidence using the

burden-shifting framework first articulated in *McDonnell Douglas Corp. v. Green*,

411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973)."  *HDC, LLC*, 675 F.3d at

612.  Under *McDonnell Douglas*, a plaintiff must show that (1) plaintiff belongs to

a protected class, (2) the plaintiff suffered an adverse action, (3) plaintiff was

qualified for the position, and (4) the job was given to another person under

circumstances giving rise to an inference of unlawful discrimination.  411 U.S. at

802.

F&V argues that ICC has not alleged any facts that plausibly demonstrate

that it intended to discriminate against ICC on the basis of race.  The Amended

Complaint contains numerous examples where F&V made false statements about

ICC in order to bypass ICC as the lowest responsible bidder and award the contract

to AAI.  F&V conducted the interview via Zoom (ECF No. 19-4, Pg ID 1154), and

F&V noted that the owner was allegedly in his car (ECF No. 19-6, Pg ID 1159).

Therefore, F&V knew the racial makeup of ICC's ownership, as F&V's Trevor

Woollatt could see that ICC's owner was a black man.  F&V is not likely to admit

that it gave ICC a bad review based on ICC being a minority owned business, but

to assert that the evidence does not plausibly support this conclusion is blindly

downplaying what inferences the evidence produces.  Thus, ICC submits that it is

certainly plausible that the intent of F&V was to discriminate against ICC on the

basis of race.

F&V recognizes that the United States Supreme Court and the Sixth Circuit

have not addressed the elements of a Section 1981 claim in the context of public

bids.  F&V first refers to the Eleventh Circuit's test, which requires (1) plaintiff's

membership in a protected class; (2) plaintiff's submission of a bid that meets all

contractual requirements; (3) rejection of plaintiff's bid; and (4) award of the

contract to another who is not a member of a protected class.  *Brown v. Amer.*

*Honda Motor Co.*, 939 F.2d 946, 949 (11th Cir. 1991).  Applying that test to the

allegations in the Amended Complaint in the instant case demonstrates that ICC

and its principal are members of a protected class; ICC submitted a bid that met all

contractual requirements; ICC's bid was rejected; and the award was given to AAI,

a white-owned company.  Based on the test proffered by F&V, ICC has stated a

claim for deprivation of its Section 1981 rights.

Even applying the second test cited by F&V, that of the First Circuit which

also requires that the plaintiff's bid be more advantageous to the bid-issuing party

(*T&S Serv. Assoc., Inc. v. Crenson*, 666 F.2d 722, 725 (1st Cir. 1981)), it is clear

that ICC meets this test as well.  ICC's bid was more than one million dollars less

than that of AAI.

- 15 -

F&V then contends that F&V did not know that ICC was a minority-owned company.  Yet this is belied by the information provided with the bid package, the information on ICC's website, and the fact that F&V actually met with Curtis Johnson, the principal of ICC.

F&V finally argues that it engaged in a race-neutral comparison of the lowest bidders.  But this is, at best, a factual question.  As the Seventh Circuit noted, the question in a discrimination case is not whether the defendant's stated nondiscriminatory ground for the action of which the plaintiff is complaining is correct but whether it is the true ground of the defendant's action, rather than being a pretext for a decision based on some other, undisclosed ground.  *Stewart v. Henderson*, 207 F.3d 374, 378 (7th Cir. 2000).   However, a trier of fact (judge or jury) would be entitled to infer a discriminatory motive from the pretextual character of the defendant's ground.  *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 147-48 (2000).   Given the numerous false statements made by F&V regarding ICC, a trier of fact could find that there was a discriminatory intent based on those false statements.  Accordingly, ICC respectfully requests that this Court deny the F&V's motion to dismiss the Amended Complaint.

## VI.   ICC HAS STATED A TORTIOUS INTERFERENCE WITH BUSINESS EXPECTANCY CLAIM AGAINST F&V

F&V first states that this is a diversity action.  It is not.  The Township removed this case based on a federal question.

F&V's assertion of the elements of a tortious interference with a business expectancy claim again misstates the authority it cites by adding that it must be done by a third party.  "The elements of tortious interference with a business relationship or expectancy are 'the existence of a valid business relationship or expectancy, knowledge of the relationship or expectancy on the part of the defendant, an intentional interference by the defendant inducing or causing a breach or termination of the relationship or expectancy, and resultant damage to the plaintiff.'"  *Cedroni Assocs. v. Tomblinson, Harburn Assocs., Architects & Planners, Inc.*, 492 Mich. 40, 45, 821 N.W.2d 1, 3 (2012) (quoting *Dalley v. Dykema Gossett PLLC*, 287 Mich. App. 296, 323, 788 N.W.2d 679 (2010)).

While F&V asserts that *Cedroni* stands for the proposition that the lowest bidder on a public contract has no valid business expectancy where the government retains broad discretion to reject any bid, *Cedroni* also held that "[t]he exercise of discretion to accept or reject bids [involving public contracts] will only be controlled by the courts when necessary to prevent fraud, injustice or the violation of a trust."  492 Mich. 40, 53, 821 N.W.2d 1, 7 (quoting *Leavy v. City of Jackson*, 247 Mich. 447, 450, 226 N.W. 214 (1929)).  Here, the numerous false statements made by F&V as detailed in the Amended Complaint certainly raises the implication of fraud, injustice or violation of trust sufficient to warrant further review by this Court.

- 17 -

F&V contends that a tortious interference claim fails where the defendant's actions are motivated by legitimate business reasons. Yet F&V has not proffered any legitimate business reasons for making false and fraudulent claims negatively as to ICC and positively as to AAI. Whether or not F&V's actions were motivated by legitimate business reasons is a factual question to be determined by evidence, not a basis for a Rule 12(b)(6) motion.

F&V's citation to *Baker v. Couchman*, 477 Mich. 40, 821 N.W.2d 1 (2012), is from a concurring opinion. A concurring opinion does not constitute binding precedent. *Ayers v. Hudson*, 623 F.3d 301, 308 (6th Cir. 2010) (citing *Maryland v. Wilson*, 519 U.S. 408, 412-13 (1997).

F&V further misrepresents the holding in its authority regarding where the defendant's actions were motivated by legitimate business reasons. "To establish that a lawful act was done with malice and without justification, the plaintiff must demonstrate, with specificity, affirmative acts by the defendant that corroborate the improper motive of the interference. *Where the defendant's actions were motivated by legitimate business reasons, its actions would not constitute improper motive or interference*." *Badiee v. Brighton Area Sch.*, 265 Mich. App. 343, 366, 695 N.W.2d 521, 538 (2005) (quoting *Mino v. Clio Sch. Dist.*, 255 Mich. App. 60, 78, 661 N.W.2d 586 (2003)) (emphasis in original). As

can be seen, *Badiee* does not hold that by simply stating a valid reason, the defendant can defeat any allegation of improper motive or interference.

F&V also relies on an unpublished opinion, which it did not attach as an exhibit, to assert that no liability can attach to it because it was merely performing a contractual duty.  The plaintiff in the unpublished opinion, MCM Marine, had a prior history with Ottawa County Road Commission, where a project was plagued by delays caused by workers walking off the job, and also defective work which caused the road commission to issue new bids in order to correct the defect.  Thus, while the court found there was evidence that the consultant engineering firm did assist the road commission in avoiding awarding the contract to MCM Marine, the engineering firm had legitimate reasons for doing so based on MCM Marine's past performance.  That is not the situation this case presents, and therefore this case is distinguishable from *MCM Marine v. Ottawa Cty. Rd. Comm'n*, 2010 Mich. App. LEXIS 614 (Ct. App. Apr. 13, 2010) ("considering MCM Marine's involvement in the original, failed project and its personnel issues, it was not the best bidder").

Therefore, F&V's argument that ICC had not stated a claim for tortious interference with a valid business expectancy is not supported upon review of the Amended Complaint or applicable case authority.  Accordingly, ICC respectfully requests that this Court deny F&V's motion to dismiss.

## VII.   ICC HAS STATED DEFAMATION CLAIMS AGAINST F&V

As to ICC's defamation claim, F&V first asserts that the statement must be

materially false, but the case it cites does not support this argument.  Defamation

has been defined as a "statement of and concerning the plaintiff which is false *in*

*some material respect* and is communicated to a third person by written or printed

words and has a tendency to harm the plaintiff's reputation."  *Prysak v. R L Polk*

*Co.*, 193 Mich. App. 1, 14-15, 483 N.W.2d 629, 636 (1992) (quoting *Stablein v.*

*Schuster*, 183 Mich. App. 477, 480, 455 N.W.2d 315 (1990)) (emphasis added).

ICC has alleged in the Amended Complaint, and demonstrated by exhibits, that

F&V made statements which were false in a material respect, which were

communicated to third persons by written word, and which had a tendency to harm

ICC's reputation.

F&V further asserts that there is a qualified privilege for its statements.  The

elements of a qualified privilege are (1) good faith, (2) an interest to be upheld, (3)

a statement limited in its scope to this purpose, (4) a proper occasion, and (5)

publication in a proper manner and to proper parties only.  *Bufalino v. Maxon*

*Bros., Inc*, 368 Mich. 140, 153, 117 N.W.2d 150 (1962); *Smith v. Fergan*, 181

Mich. App. 594, 596-597, 450 N.W.2d 3 (1989).  But courts have recognized that

the qualified privilege does not exist in a vacuum:

> This defense rests upon considerations of public policy. ... The
> privilege thus afforded is not, ... as the mathematicians would put it, a

- 20 -

>constant.  It varies with the situation, with what is regarded as the
>importance of the social issues at stake.

*Lawrence v. Fox*, 357 Mich. 134, 137-38, 97 N.W.2d 719 (1959).  In *Bacon v.*

*Michigan R.R. Co.*, 66 Mich. 166, 33 N.W. 181 (1887), the court emphasized the

public policy grounding for the privilege and recognized that the privilege does not

exist for the personal benefit of the defendant but serves to abrogate the plaintiff's

rights only where silence could lead to public harm.

Further, a plaintiff may overcome a qualified privilege by showing that the

statement was made with actual malice, *i.e.*, with knowledge of its falsity or

reckless disregard of the truth.   *Prysak v. R.L. Polk Co.*, 193 Mich. App. 1, 15, 483

N.W.2d 629 (1992).

F&V argues that ICC's libel and defamation claims are facially implausible

because the statements it made were "subjective opinions and recommendations."

This argument is preposterous given the nature of the false statements.  For

example, the Amended Complaint alleges at Paragraphs 35-51 that F&V falsely

claimed that ICC had MIOSHA violations in the past three years (ECF No. 19, Pg

ID 1101-1105).  In Paragraphs 61-85, ICC alleges that F&V falsely stated that

ICC's had not completed projects of similar size and complexity, while AAI had

completed such projects (*Id.*, Pg ID 1106-1111).  As the Amended Complaint

demonstrates, these assertions are demonstrably false.  These and the other

allegations of false statements are not "subjective opinions and recommendations,"

these are factual statements being made by F&V that were knowingly false or were made in reckless disregard of the truth.

Further, these statements were not only provided to the Township Board. The Township's website provides to the public the Board of Trustees' meeting agendas, packets, the minutes and a synopsis of the minutes (Exhibit 1). As to this specific case, the Township posted the packet of the May 12, 2022 meeting that included F&V's false statements (Exhibit 2). Thus, anyone with a computer and internet service anywhere in the world can access and view F&V's false statements at the following URL:

https://www.twp.northville.mi.us/home/showpublisheddocument/2938/637874429 781200000.

ICC further submits that F&V's claim that it made the statements in good faith are belied by the false nature of those statements, and the ability to prove that the statements were false. In an analogous situation under Michigan law, when a party to a contract makes its obligations under the contract discretionary, that party is subject to the duty of good faith. *See Burkhardt v. City Nat'l Bank of Detroit*, 57 Mich. App. 649, 226 N.W.2d 678, 680 (Mich. Ct. App. 1975). The question of whether a party has adhered to the duty of good faith is a question of fact properly decided by a jury. *Guardian Alarm Co. v. May*, 24 F. App'x 464, 470 (6th Cir.

2001) (citing *Karibian v. Paletta,* 122 Mich. App. 353, 332 N.W.2d 484 (Mich. Ct. App. 1982)).

Since the Amended Complaint alleges that F&V knowingly made false statements or made them with a reckless disregard for the truth, and since this Court must accept all factual statements as true and draw all reasonable inferences in a light most favorable to ICC, the non-moving party, then ICC submits that it has sufficiently alleged a defamation claim against F&V, and that F&V's defense of a qualified privilege fails for purposes of Rule 12(b)(6). Accordingly, ICC respectfully requests that this Court deny F&V's motion to dismiss the Amended Complaint.

## **<u>CONCLUSION</u>**

Based on the foregoing, plaintiff Inner City Contracting, L.L.C. respectfully requests that this Court deny defendant Fleis & Vandenbrink Engineering, Inc.'s motion to dismiss the Amended Complaint brought pursuant to Fed. R. Civ. P. 12(b)(6).

Respectfully submitted,


/s/ Cindy Rhodes Victor
CINDY RHODES VICTOR (P33613)
Kus Ryan PLLC
2851 High Meadow Circle, Suite 120
Auburn Hills, Michigan  48326
(248) 364-3090
cvictor@kusryan.com

Dated:  October 10, 2022                 Attorneys for Plaintiff
                                         Inner City Contracting, LLC

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**INNER CITY CONTRACTING, LLC,**

                **Plaintiff**          **Case No. 22-cv-11349**

**v.**                              **HONORABLE SEAN F. COX**

**THE CHARTER TOWNSHIP OF**     **HONORABLE DAVID R. GRAND**
**NORTHVILLE, MICHIGAN,**
**a Michigan municipal corporation,**
**and FLEIS & VANDENBRINK**
**ENGINEERING, INC., a Michigan**
**corporation doing business as**
**FLEIS & VANDENBRINK, jointly**
**and severally,**

                **Defendants.**

_____

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of October, 2022, I electronically filed the foregoing Response of Plaintiff Inner City Contracting, LLC to Motion of Defendant Fleis and Vandenbrink Engineering, Inc. to Dismiss Plaintiff's Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6), with this Certificate of Service, with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

/s/ Steven R. McCollum
Steven R. McCollum

Dated:  October 10, 2022    smccollum@kusryan.com