UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

INNER CITY CONTRACTING, LLC,

    Plaintiff,

v.                                                                                  Case No. 22-11349

CHARTER TOWNSHIP OF NORTHVILLE,    Sean F. Cox
MICHIGAN, *et al.*,                                       United States District Court Judge

    Defendants.

_____/

# OPINION & ORDER
# ON DEFENDANTS' MOTIONS TO DISMISS

Plaintiff Inner City Contracting, LLC ("Plaintiff") is an unsuccessful bidder that sought a demolition contract with the Charter Township of Northville, Michigan ("the Township"). In this action, Plaintiff asserts claims against both the Township and a private consulting firm hired by the Township. The action was removed to federal court based upon Plaintiff's federal claims. The matter is before the Court on motions to dismiss filed by the two Defendants, brought pursuant to Fed. R. Civ. P. 12(b)(6). The parties have briefed the issues. The Court concludes that a hearing is not necessary and the Court shall rule based upon the briefs. For the reasons below, the Court shall dismiss with prejudice all federal claims in this action. Because the Court is doing so at a very early stage in the litigation (ie., at the motion-to-dismiss stage, prior to discovery), the Court declines to exercise supplemental jurisdiction over Plaintiff's state-law claims and shall remand those claims back to state court.

**BACKGROUND**

Plaintiff Inner City Contracting, LLC filed this action in state court. Defendants removed this case to federal court based upon federal-question jurisdiction over Plaintiff's § 1983 claims.

Following removal, Plaintiff filed a "Notice of Filing Complete Record," that included a motion for temporary restraining order/preliminary injunction motion that Plaintiff had filed in state court, and had been briefed by the parties. Defendants also filed those same materials that had been filed in the state court prior to removal. (*See* ECF No. 7). In an Opinion and Order issued on June 30, 2022, this Court denied Plaintiff's motion seeking a preliminary injunction because the Court concluded that Plaintiff had not met its burden of establishing that it is likely to prevail on the merits of its claims.

Thereafter, the Township filed a Motion to Dismiss and this Court issued its standard order, giving Plaintiff the option of either responding to that motion or filing an amended complaint in order to cure any pleading deficiencies. Plaintiff chose to file an amended complaint.

Thus, the operative complaint is Plaintiff's First Amended Complaint. Plaintiff attached the twelve exhibits to that pleading. (*See* ECF No. 19). Plaintiff's First Amended Complaint asserts claims against the Township and Fleis & Vandenbrink Engineering, Inc. / Fleis & Vandenbrink ("Fleis").[1] Plaintiff asserts the following claims: 1) "Deprivation of Rights to Equal Protection of Law Brought Pursuant to 42 U.S.C. § 1983," asserted against both

---

[1] Plaintiff's First Amended Complaint alleges that "Defendant Fleis & Vandenbrink Engineering, Inc., doing business as Fleis & Vandenbrink ('F&V'), is a Michigan corporation, with its registered office located in Kent County, Michigan." (First Am. Compl. at ¶ 3).

Defendants ("Count I"); 2) "Deprivation of Due Process Rights Brought Pursuant To 42 U.S.C. § 1983," asserted against both Defendants ("Count II"); 3) "Deprivation of Equal Rights Brought Pursuant to 42 U.S.C. § 1981," asserted against both Defendants ("Count III"); 4) "Claim Under Act 170 of 1933 Bidders of Public Works M.C.L. 123.501 *et seq*.," asserted against the Township ("Count IV"); 5) "Libel and Slander of ICC by F&V," asserted against Fleis (Count V); and "6) "Tortious Interference by F&V with Advantageous Business Expectancies," asserted against Fleis (Count VI).

In September of 2022, both the Township and Fleis filed Motions to Dismiss. It appears that Fleis filed its motion twice – as both ECF Numbers 24 and 25.

**B.     Standard of Decision**

Both of the pending motions were filed pursuant to Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) provides for the dismissal of a case where the complaint fails to state a claim upon which relief can be granted. The Court must construe the complaint in the light most favorable to the plaintiff and accept its allegations as true. *DirectTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). To survive a motion to dismiss, the complaint must offer sufficient factual allegations that make the asserted claims plausible on their face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Legal conclusions couched as factual allegations will not suffice. *Rondigo, LLC v. Township of Richmond*, 641 F.3d 673, 670 (6th Cir. 2011). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint

and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein. *See Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir.2001).*" Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). Thus, in reviewing the pending motions, this Court may consider the twelve exhibits attached to Plaintiff's First Amended Complaint.

**C.     Relevant Allegations In First Amended Complaint**

Plaintiff Inner City Contracting, LLC is a limited liability company. (First Am. Compl. at ¶ 1). The First Amended Complaint alleges that Plaintiff "is a 51% minority owned LLC" but does include factual allegations specifying the type of minority-owned business it is (ie., is it a women-owned business, etc.) or any information about any of its member-owners. Plaintiff alleges that "[a]s a minority-owned entity, [it] is a member of a suspect class," and that the "actions of defendants of which [it] complains were motivated by considerations based on race." (First Am. Compl. at ¶ 132 & 134). Notably, however, Plaintiff's First Amended Complaint fails to include any factual allegations to identify "Plaintiff's race," or the races of any of its member-owners.

In March of 2022, the Township advertised a public bid request for the demolition of some buildings at the Northville Psychiatric Hospital. (First Am. Compl. at ¶ 6). The Township "retained a consultant" for this project, Defendant Fleis – a Michigan corporation. (*Id*. at ¶¶ 3 & 10).

Plaintiff submitted a bid for the project. (First Am. Compl. at ¶ 18). Plaintiff alleges that it was the lowest bidder on the project. (*Id*. at ¶ 19). Plaintiff also alleges that is was the most

qualified bidder. (*Id*. at ¶ 22). Yet the Township awarded the project to another bidder. (*Id*. at ¶ 126).

Plaintiff alleges that Fleis was biased against it. (*Id*. at ¶ 24). Plaintiff further alleges that, "[a]s the Township's agent," the actions of Fleis "can be fairly attributed to the Township." (*Id*. at ¶ 132). Plaintiff alleges that the "actions of defendants of which [Plaintiff] complains were motivated by considerations based on race." (*Id*. at ¶ 134).

## ANALYSIS

Defendant Fleis's motion challenges all claims asserted against it and the Township likewise seeks dismissal of all claims asserted against it.

### I. Challenges To Plaintiff's Federal Claims

Because this matter is in federal court based upon federal-question jurisdiction, and the matter comes to the Court on motions to dismiss filed before discovery, the Court considers the challenges to Plaintiff's federal claims first.

#### A. Plaintiff's § 1981 Claims

In Count III of its Amended Complaint, Plaintiff asserts a claim under 42 U.S.C. § 1981 against both Defendants.

Section 1981 "prohibits intentional race discrimination in the making and enforcing of contracts." *Amini v. Oberlin Coll.*, 440 F.3d 350, 358 (6th Cir. 2006). In order to establish a prima facie claim of racial discrimination under section 1981, a plaintiff must plead and prove that: 1) he belongs to an identifiable class of persons who are subject to discrimination based on their race; 2) the defendant intended to discriminate against him on the basis of race; and 3) the defendant's discriminatory conduct abridged a right enumerated in section 1981(a). *Id.*

In their respective motions, Defendants assert that Plaintiff's § 1981 claims against them are deficient in numerous respects and must be dismissed. The Court need not address all of their challenges to this count, as Plaintiff's § 1981 claim fails in the most basic respects.

To establish a prima facie claim, Plaintiff must plead that it belongs to an identifiable class of persons who are subject to discrimination *based on its race*. Plaintiff is not an individual, but rather, is a limited liability company owned by its members. The operative complaint alleges that Plaintiff "is a 51% minority owned LLC, formed in April 2009." (First Am. Compl. at ¶ 4). There are no allegations specifying the type of minority-owned business it is (ie., is it a women-owned business, etc.). Plaintiff alleges that "[a]s a minority-owned entity, [it] is a member of a suspect class," and that the "actions of defendants of which [it] complains were motivated by considerations based on race." (First Am. Compl. at ¶ 132 & 134). Notably, however, Plaintiff's First Amended Complaint fails to include any factual allegations to identify "Plaintiff's race," or the races of any of its member-owners. Plaintiff's failure to include factual allegations as to it own race is a fatal defect. *See, eg.*, *Hill v. SRS Dist., Inc.*, 2022 WL 3099649 at *3 (D. Ariz. Aug. 4, 2022) ("Other than the fact Hill alleges racial discrimination, there is no indication in the Complaint regarding Hill's race. In other words, as it is not known if Hill is Caucasian, Black, Hispanic, or some other race, the Complaint does not allege Hill is a member of a protected class of persons.")

In addition, there are also no allegations that either of the Defendants knew the races of Plaintiff's member-owners. Without such allegations, Plaintiff has not stated a plausible § 1981 race discrimination claim against Defendants. That is because "intentional discrimination" logically requires that the defendant knew the plaintiff's race. *Robinson v. Adams,* 847 F.2d

6

1315 (9th Cir. 1987); *see also Terzneh v. Federal Nat. Mort. Assoc.*, 2021 4529707 at * (W.D. Tenn. 2021) ("Of course, without knowing Plaintiff's race, Defendants could not have *intentionally* discriminated against her" based upon race.); *Cannon v. Andrews,* 420 F.Supp. 570, 572 (E.D. Mo. 1976); *Batteast Constr. Co. v. Henry Cnty. Bd. of Comm'rs.*, 194 F. Supp.2d 828,837 (D.D. Ind. 2002).

And given that Plaintiff has not included factual allegations regarding its own racial composition, the operative complaint also lacks sufficient factual allegations regarding *discriminatory intent*. "A complaint that includes only conclusory allegations of discriminatory intent without supporting factual allegations does not sufficiently show entitlement to relief." *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 613 (6th Cir. 2012). While Plaintiff complains that it was not awarded the contract it sought, its First Amended Complaint lacks factual allegations to show that it was not awarded the contract because of its race.

The Court shall dismiss Plaintiff's § 1981 claims against both Defendants.

### B. Is Fleis A "State Actor" For Purposes Of Its § 1983 Claims?

As a threshold argument, Defendant Fleis contends that Plaintiff cannot bring any § 1983 claims against it because it is a private company, not a "state actor."

The Fourteenth Amendment applies only to *state action*. *See Cooper v. United States Postal Serv.*, 577 F.3d 479, 491 (2d Cir. 2009) ("The Due Process Clause of the Fourteenth Amendment provides" '[N]or shall any State deprive any person of life, liberty, or property, without due process of law'" and "applies only to state action."). Section 1983 claims are also confined to those acting under color of state law. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50, 119 S.Ct. 977, 985, 143 L.Ed.2d 130 (1999) ("Like the state-action requirement of

7

the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'").

While this "typically forecloses constitutional claims against private actors," such as Fleis, "'a private entity can be held to constitutional standards when its action so approximate state action that they may be fairly attributable to the state." *Faparusi v. Case Western Reserve Univ.,* 711 F. App'x 269, 275 (6th Cir. 2017) (quoting *Lansing v. City of Memphis*, 202 F.3d 821, 828 (6th Cir. 2000)). "The Supreme Court has identified three tests for assessing state action: (1) the public-function test, (2) the state-compulsion test, and (3) the nexus test." *Lindke v. Freed,* 37 F.4th 1199, 1202 (6th Cir. 2022) (citations omitted). Each of these tests is framed to discern whether a private party's action is attributable to the state. *Id.*

As the plaintiff seeking to assert a § 1983 claim against a private company, Plaintiff bears the burden of showing that Fleis is a state actor under § 1983. *See, eg., Groman v. Township of Malapan*, 47 F.3d 628, 638 (3rd Cir. 1995) ("As the 'under color of state law' requirement is a part of the prima facie case for § 1983, the plaintiff bears the burden of proof on that issue."). Thus, the "color of state law element is a *threshold issue*; there is no liability under § 1983 for those not acting under color of law." *Id.* (emphasis added).

Plaintiff's brief asserts that it has sufficiently alleged that Fleis is a state actor under either the public function test or the nexus test. (Pl.'s Br. at 7).

    **i**    **Public Function Test**

To show that Fleis is a state actor under the public function test, Plaintiff "must show that" Fleis "'exercise[s] powers which are traditionally exclusively reserved to the state, such as holding elections or eminent domain.'" *Marie*, 771 F.3d at 362 (quoting *Wilcher v. City of*

8

*Akron*, 498 F.3d 516, 519 (6th Cir. 2007)). "Under this 'relatively stiff test,' few areas are deemed exclusive state action (e.g. elections, eminent domain), and many other actions-even those that involve extensive government regulation-do not suffice to establish state action (e.g. insurance, education, workers' compensation, or electrical utilities). *Wilcher*, 498 F.3d at 519; *see Flagg Bros. v. Brooks*, 436 U.S. 149, 157–62, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978); *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 353, 95 S.Ct. 449, 42 L.Ed.2d 477 (1974); *Lansing v. City of Memphis*, 202 F.3d 821, 832 (6th Cir.2000)." *Marie*, 771 F.3d at 362-63.

With respect to this test, simply alleging in a complaint that the defendant's conduct "is traditionally in the province of the State" is not sufficient to survive a motion to dismiss. *Marie,* 771 F.3d at 362. Rather, the burden is on Plaintiff "to advance historical and factual allegations in [its] complaint giving rise to a reasonable inference" that Fleis's action "is traditionally exclusively in the province of the state." *Marie,* 771 F.3d at 362.

There are no such allegations in Plaintiff's First Amended Complaint. Plaintiff has not sufficiently alleged that Fleis is a state actor under the public function test.

### ii Nexus Test

Although a less demanding standard applies to the nexus test, the Court finds that Plaintiff has not sufficiently alleged that Fleis is a state actor under that test either.

Plaintiff asserts that the Township "clothed" Fleis with the authority to perform actions which, under the Township's Procurement Policy "must" be performed "exclusively" by a Township Department Director – tasks such as accepting and opening bids and investigating bidders. (Pl.'s Br. at 6-7). Plaintiff asserts that Fleis is a state actor under the nexus test because the Township "retained [Fleis] to act as its Department Director in this case." (Pl.'s Br. at 6).

9

As Fleis notes in its Reply Brief, Plaintiff's Amended Complaint – its second attempt to sufficiently plead its claims – does not contain those factual allegations. (Def. Fleis's Reply Br. at 1). Fleis further explains:

> Instead, the Amended Complaint correctly recognizes that Northville hired F&V as a "consultant" for the demolition project, an advisory role which included investigating and evaluating the two lowest bidders and then making "reports" and "recommendations" to Township Board of Trustees ("BOT") [Amend. Compl. ¶¶ 10, 31, 42, 48, 50, 58, 60, 82, 84, 105, 111, 118, 120; ECF 19, PgID. 1096, 1100, 1103, 1104, 1106, 1100, 1111, 1115-1117]. These facts are confirmed by the 5/12/22 BOT Meeting Packet attached as Ex 2 to Plaintiff's response brief [ECF No. 28-3, PgID. 1624]. Additionally, the Amended Complaint acknowledges that the BOT exercised "final-making decision authority" with respect to the award of the demolition contract [*Id.,* ¶ 129; ECF No. 19, PgID. 1119]. Moreover, Plaintiff fails to identify any Procurement Policy language which prevented the Township from retaining F&V to act as its consulting engineer – nor does any exist [ECF No. 25-1, PgID. 1509-1516]. Finally, and dispositively, the 5/12/22 Meeting Packet relied upon by Plaintiff verifies that F&V directed its bidder evaluations and recommendations to Bob Belair [ECF No. 28-3, PgID. 1627-1634]. Northville's public website reveals that Mr. Belair is the Director of Public Services with responsibility for the Building, Engineering, Planning, Water, and Sewer Depts. [**Ex 1**]. The bottom line: there is no factual merit to Plaintiff's attempts to characterize F&V as a state actor.

(*Id*. at 1-2).

The Court rejects Plaintiff's argument that it is a state actor under the nexus test because "[t]he Sixth Circuit has made clear that a one-time contract for professional services does not provide a sufficient nexus for § 1983 claims." *Marble v. Snyder*, 453 F.Supp.3d 970, 986 (E.D. Mich. 2020) (citing *S.H.A.R.K. v. Metro Parks Serving Summit Cty.*, 499 F.3d 553, 565 (6th Cir. 2007)). That is all that we have here.

Accordingly, the Court shall dismiss both of Plaintiff's § 1983 claims against Defendant

Fleis.[2]

### C. Does Plaintiff Lack Standing To Bring Its Constitutional Claims?

Standing is a threshold issue for bringing a claim in federal court. *Moody v. Michigan Gaming Control Board*, 847 F.3d 399, 402 (6th Cir. 2017).

The Township's motion asserts that, as a disappointed bidder, Plaintiff lacks standing to assert his federal claims. The Court agrees.

Under existing Sixth Circuit precedent, a disappointed bidder to a government contract generally lacks standing in federal court to challenge the bidding procedure or the award of a contract. *See eg., United of Omaha Life Ins. Co. v. Solomon*, 960 F.2d 31, 34 (6th Cir. 1992); *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby, Mich.*, 470 F.3d 286, 294 (6th Cir 2006); *EBI-Detroit, Inc. v. City of Detroit*, 279 F. App'x. 340 (6th Cir. 2008); *Maiberger v. City of Livonia*, 724 F. Supp.2d 759, 769-70 (E.D. Mich. 2010). There are a few exceptions to that general rule, but they do not apply here.

In *United of Omaha*, the Sixth Circuit held that a disappointed bidder "to a government contract may establish a legitimate claim of entitlement protected by due process by showing either that it was actually awarded the contract at any procedural stage or that local rules limited the discretion of state officials as to whom the contract should be awarded." *United of Omaha Life Ins. Co.*, 960 F.2d at 34. Plaintiff has not alleged either of those things.

In addition, a "bidder who, in addition to seeing his bid rejected, is disqualified from bidding on *future* projects may have standing." *EBI-Detroit*, Inc., 279 F. App'x at 348 (citing

---

[2]Given that ruling, the Court need not address Defendant Fleis's additional challenges to those claims.

*Club Italia, supra*, and *United of Omaha, supra*) (emphasis in original). But Plaintiff does not allege that it has been disqualified from bidding on future projects in the Township. So this exception does not apply either.

Finally, the Sixth Circuit has held that the Administrative Procedures Act ("APA") "represents an exception to the general rule that disappointed bidders do not have standing." *Club Italia, supra*, at 293. Thus, it is "the law of this Circuit that where the APA or similar legislation that expresses a congressional intent to create standing does not apply, a disappointed bidder does not have standing before this Court." *Id*. Here, Plaintiff is not suing under the APA or similar legislation. Thus, this exception also does not apply.

Plaintiff lacks standing to bring its federal due process and equal protection claims and those claims must be dismissed.

### D. Additional Challenges To Plaintiff's Equal Protection Claims

Even if Plaintiff had standing to bring its federal equal protection claims, and could show that Fleis was a "state actor," Plaintiff has failed to sufficiently allege a viable equal protection claim against Defendants in any event.

The Equal Protection Clause of the Constitution provides that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. CONST. amend. XIV, § 1. "The clause is 'essentially a direction that all persons similarly situated should be treated alike." *EJC Properties, LLC v. City of Toledo*, 698 F.3d 845, 864 (6th Cir. 2012).

"'To state an equal protection claim, a plaintiff must adequately plead that the government treated the plaintiff disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no

12

rational basis.'" *Andrews, Trustee of Gloria M. Andrews Trust Dated April 23, 1998 v. City of Mentor, Ohio*, 11 F.4tth 462, 473 (6th Cir. 2021) (quoting *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011)).

Here, Plaintiff's brief confirms that Plaintiff's equal protection claim is that it was treated differently than a similarly situated entity and the disparate treat targeted a suspect class. (Pl.'s Br., ECF No. 27, at 18) (stating Plaintiff is not asserting a "class-of-one Equal Protection claim in the Amended Complaint," but rather a claim based upon a suspect class).

Plaintiff's own brief acknowledges that to state such a claim, the "plaintiff must allege that a state actor intentionally discriminated against the plaintiff because of membership in a protected class." (Pl.'s Br., ECF No. 27 at 16) (citing *LRL Properties v. Portage Metro Hous. Auth.*, 55 F.3d 1097, 1111 (6th Cir. 1995)).

Plaintiff's Amended Complaint fails to state a plausible equal protection claim for the same reason its fails to state a plausible § 1981 claim – it lacks any factual allegations as to the racial composition of Plaintiff's owners and lacks any factual allegations that Defendant knew the racial composition of Plaintiff's owners.

## II. Plaintiff's State-Law Claims

Given that this Court is dismissing all federal claims in this action, this Court must consider whether it should exercise supplemental jurisdiction over Plaintiff's state-law claims.

The supplemental jurisdiction statute, 28 U.S.C. § 1367, provides that district courts may decline to exercise supplemental jurisdiction over a claim when: 1) the claim raises a novel or complex issue of state law; 2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; 3) the district court has dismissed all claims

over which it has original jurisdiction, or 4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.  28 U.S.C. § 1367(c).

A district court's decision as to whether to exercise supplemental jurisdiction over a plaintiff's state-law claims is reviewed for abuse of discretion.  *Soliday v. Miami Cnty.*, Ohio, 55 F.3d 1158, 1164 (6th Cir. 1995).

Generally when all federal claims are dismissed before trial, the "balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed."  *Musson Theatrical, Inc. v. Federal Exp. Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996).

Here, the Court is not only dismissing all federal claims in this case, it is doing so at a very early stage of the litigation – on motions to dismiss filed prior to discovery.  As such, the Court declines to exercise supplemental jurisdiction over Plaintiff's state-law claims and shall remand those claims back to state court.

## CONCLUSION & ORDER

For the reasons set forth above, Defendants' Motions to Dismiss (ECF Nos. 22, 24, & 25) are GRANTED to the extent that this Court DISMISSES all federal claims in this action WITH PREJUDICE.  The Court DECLINES TO EXERCISE SUPPLEMENTAL JURISDICTION over Plaintiff's state-law claims and REMANDS those claims back to the Wayne County Circuit Court.

IT IS SO ORDERED.

s/Sean F. Cox  
Sean F. Cox  
United States District Judge

Dated:  November 22, 2022